## Davis v. Blumberg et al., etc.

*Stark & Goldstein* and *Herman Moskowitz*, for plaintiff.

*John J. McDevitt*, 3rd, and *Bernard J. Smolens*, for defendants.

CRUMLISH, J., June 24, 1955.—This matter is before us on defendants' objections to plaintiff's interrogatories.

Plaintiff by complaint avers that on or about April 14, 1954, he was an employe of McCloskey and Company engaged in a demolition operation at Eighteenth

and Market Streets, Philadelphia; that defendants had a truck and driver at the same demolition operation for the purpose of removing a load of scrap steel therefrom; that in the course of his employment, plaintiff was on a truck of defendants, loading scrap steel, when defendants' truck moved suddenly and jerkily and plaintiff was thrown from the truck and he sustained injuries. Plaintiff further avers the accident was caused by the negligence and carelessness of defendants' agents, servants, workmen and employes within the course of their employment and within the scope of their authority; that as a result of the accident he sustained injuries, etc.

Defendants filed no answer to the complaint. By their failure to file a responsive pleading defendants are deemed to admit all averments relating to the identity of the person by whom the material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved: Pa. R. C. P. 1045(b). All other averments are deemed to be denied.

Plaintiff has addressed 13 interrogatories to defendants to be answered under oath. There are four interrogatories to which defendants raise no objection.

Interrogatory no. 11 was withdrawn by counsel for plaintiff at oral argument, objection to it having been well-taken by defendants, that it was in conflict with Pa. R. C. P. 4011(d), hereinafter set forth.

Left for our consideration are interrogatories nos. 1, 2 and 4 to 9, inclusive.

Plaintiff has proceeded under the new rules of discovery effective July 1, 1954, most particularly Pa. R. C. P. 4007(a), which provides as follows:

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of wit-

nesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

Pa. R. C. P. 4011 reads as follows:

"Rule 4011. Limitation of Scope of Discovery and Inspection.

"No discovery or inspection shall be permitted which

"(a) is sought in bad faith;

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) relates to matter which is privileged or would require the disclosure of any secret process, development or research;

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; or

"(e) would require the making of an unreasonable investigation by the deponent or any party or witness."

Parenthetically, it is well to point out that decisions on the scope of discovery since the adoption of the new rules are still meager. In Robbins, etc., v. Lashner, 1 D. & C. 2d 302 (1954), we distinguished the old Pa. R. C. P. 4007(a) from the new rule 4007(a), and the effect of the new Pa. R. C. P. 4011 on discovery.

Using the reasoning set forth in the Robbins case, supra, we consider now plaintiff's remaining interrogatories in order.

Interrogatory no. 1: Do you have any photograph, drawing, map or similar data of the scene of the accident and of the motor vehicle concerned with this litigation? If you answer "yes", identify the same and state the name(s) and address(es) of the person(s) now in possession or custody thereof.

Defendants object that plaintiff seeks to disclose the existence of things made or secured in anticipation of litigation and preparation for trial, which is prohibited by rule 4011(d), supra. Plaintiff argues that since by their very nature, neither the scene of the accident nor the creation of the motor vehicle here involved can be deemed to have been "made" or "secured" in anticipation of litigation, therefore their reproduction can not be so deemed. Plaintiff's argument is ingenious, but not sustainable.

As we construe Pa. R. C. P. 4011(d), its express purpose is to protect from discovery the *existence* or *location* of any things made or secured in anticipation of litigation. We can conceive of no other reason defendants could have for possessing photographs, drawings, maps, etc., of the scene of the accident and the truck other than that contemplated under rule 4011(d). We therefore sustain defendants' objection to interrogatory no. 1.

Interrogatory no. 2: State the make and model of the motor vehicle involved in this accident; state when and from whom it was purchased and state the price paid for same; state the name of the owner of said motor vehicle as of April 15, 1954.

Defendants object that this inquiry is not relevant to the issue. That it is not, is clear on its face. Relevancy is a specific requirement under rule 4007(a). Ownership of the vehicle is admitted by defendants' failure to file an answer to the complaint. Therefore the only portion of interrogatory no. 2 the court will sanction is that part requesting the make and model

of the motor vehicle involved in this accident since it may prove to be relevant. With this one exception, defendants' objection to interrogatory no. 2 is sustained.

Interrogatory no. 4: State when and where the accident involved in this litigation occurred, stating locations in distances from curbs and intersections.

This raises an interesting problem. Clearly, plaintiff, as the injured party, should know precisely when and where this accident occurred, as well as the distances from curbs and intersections. Plaintiff urges us to give voice to the Federal rule that interrogatories are not objectionable for the fact that the information sought is within the knowledge of the interrogating party. Sentiment favoring this viewpoint was evident prior to the adoption of the new rules: Barlow v. Waples et al., 82 D. & C. 1, 2 (1951), opinion by Flood, J. The provision in the old rule 4011 prohibiting discovery when the facts were known to petitioner or were reasonably ascertainable by him, has been deleted from the new rule. As we concluded in Robbins v. Lashner, supra, knowledge alone is not a bar to inquiry. The test now applicable is to what extent the information sought will "substantially aid" petitioner in the preparation of the pleadings or the preparation or trial of the case. See also 3 Standard Pa. Practice, commentary, §4007(a)-26.

Defendants are the employers of the individual who was operating the truck at the time of plaintiff's injury. It is logical to assume that defendants were not present at the scene of the accident when it occurred, and would have only information that was supplied them by their employe. Even assuming that such data was obtained in a routine fashion, and not in anticipation of litigation, and would therefore not be protected by Pa. R. C. P. 4011(d), still we think the question an improper one under these circumstances.

Plaintiff apparently has as much knowledge on this point as does defendants. Plaintiff has asserted no compelling reason for pursuing this line of questioning; nor has plaintiff made it evident how defendants' answer can be of substantial aid in the preparation of this litigation.

These new rules seek to further justifiable investigation. They do not, however, contemplate "fishing expeditions" or the burdening of an adversary with voluminous pretrial inquiry on data equally available and known to all parties concerned. This latter type of interrogatory should be disallowed. Because plaintiff's interrogatory no. 4 fits into this category, defendants' objection to it is sustained.

By interrogatories nos. 5 to 9, inclusive, plaintiff seeks to ascertain when plaintiff was first seen by defendants or their agents; plaintiff's location at the time; how much time elapsed between the time plaintiff was observed and the happening of the accident; how far the vehicle traveled from the time plaintiff was seen and the time of the accident; if brakes were applied, how far the vehicle traveled from the time they were applied to the time of the accident; whether or not there was any obstruction blocking the vision of the operator of the truck from the time he first saw plaintiff and up to the time of the accident; if such obstruction was present to describe it or them in detail.

It is immediately clear that such questions are improper and are prohibited by rule 4011(d). Defendants as employers of the driver of the truck unquestionably have received information of the nature plaintiff requests. Defendants' only purpose in compiling such data would be in anticipation of litigation or in preparation for trial. The rule expressly does not allow the disclosure of "reports, memoranda, statements, information or other things" secured for such purposes by means of discovery.

Therefore defendants' objections to interrogatories nos. 5 to 9, inclusive, are sustained.

Accordingly, leave is given plaintiff to take oral depositions of defendant in this matter within the limitations set by this opinion.